IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00569-MR

| | |
|---|---|
| **DAVID MEYERS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **SECRETARY OF HEALTH AND** ) | |
| **HUMAN SERVICES, et al.,** ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on review of the Plaintiff's pro se Complaint [Doc. 1]. The Plaintiff has applied to proceed in forma pauperis.[1] [Doc. 2].

The pro se Plaintiff, who is presently incarcerated at the Scotland Correctional Institution in Laurinburg, North Carolina, purports to file this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1361. He asserts claims addressing a variety of topics including: his "kidnapping" from the

---

[1] It appears that the Plaintiff is a "three striker" pursuant to 28 U.S.C. § 1915(g). See, e.g., Myers v. Captain Covington, 2022 WL 1089230 (W.D.N.C. March 10, 2022). This Court declines to resolve the issue, however, because venue does not lie in this District for the reasons discussed *infra*.

Virginia Department of Corrections,[2] and various constitutional violations that allegedly occurred at the Scotland CI, including the imposition of unconstitutional conditions of confinement; the denial of adequate medical care; sexual and physical assaults by prison staff; and the denial of access to the courts. He names as Defendants: the Secretary of the Department of Health and Human Services; the Director of the Center for Disease Control and Prevention; the Director of the North Carolina Department of Health Services; and North Carolina Department of Public Safety (NCDPS) employees located in Raleigh and at the Scotland CI. [Doc. 1 at 1-2, 5].

Under the general venue provision of 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred … ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The district court in a district where a case is filed, laying venue in the wrong district "shall dismiss, or if it

---

[2] The Plaintiff has provided prisoner identification numbers for himself in the Virginia Department of Corrections, the federal Bureau of Prisons, and the North Carolina Department of Public Safety.

2

Case 3:22-cv-00569-MR   Document 7   Filed 10/28/22   Page 2 of 4

be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Further, a court may transfer a civil action to any district where the action might have originally been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

Neither the Plaintiff nor any Defendant resides in this District, and none of the incidents addressed in the Complaint are alleged to have occurred here.[3] It appears that the incidents allegedly occurred in Scotland County in the Middle District of North Carolina, where several Defendants appear to be located, and where the Plaintiff is presently incarcerated. Several Defendants also appear to be located in Wake County, which is located in the Eastern District of North Carolina, whereas the HHS secretary is located in Washington, DC, and the CDC director is located in Atlanta, Georgia. To the extent that Plaintiff may be able to state a cognizable claim against any Defendant, venue is thus appropriate in the Middle and Eastern Districts of North Carolina. As the incidents are alleged to have occurred in the Middle District, and the Plaintiff and several Defendants are located there, it appears that the Middle District is best suited to resolve this action.

---

[3] Indeed, the Plaintiff concedes in the Complaint that venue lies in the Middle District. [See Doc. 1 at 5 ("The U.S. District Court Greensboro, NC Division is the appropriate venue and Court forum"]. It is unclear why he instead filed the action in this Court.

3

For the reasons stated herein, this action will be transferred to the Middle District of North Carolina.

**IT IS, THEREFORE, ORDERED** that this action is hereby **TRANSFERRED** to the Middle District of North Carolina.

**IT IS SO ORDERED.**

Signed: October 27, 2022

Martin Reidinger
Chief United States District Judge